IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 12-cv-02973-PAB-BNB

ALAN DEATLY,
NAPI (Colorado) LLC, a Washington limited liability company, and
15 CORPORATIONS, INC., a Washington limited liability company,

Plaintiffs,

v.

KEYBANK NATIONAL ASSOCIATION,
COLORADO DEPARTMENT OF REVENUE,
ROXY HUBER,
NEIL TILLQUEST,
BRUCE NELSON, and
RICHARD GIARDINI,

Defendants.
_____

**ORDER**
_____

This matter arises on the **Unoppposed Motion for a Protective Order and to Stay Discovery Pursuant to Fed. R. Civ. P. 26(c)(1)** [Doc. # 30, filed 1/14/2013] (the "Motion to Stay").  The Motion to Stay [Doc. # 30] is GRANTED IN PART as specified.

The Amended Complaint asserts two sets of claims against two sets of defendants.  First, the Amended Complaint alleges violations of 42 U.S.C. § 1983 against "State individual defendants" in connection with an alleged illegal search and seizure of the plaintiffs' property.  These claims are alleged in the broadest possible terms; without specifying the positions held by the individual state defendants; and without identifying the personal participation, if any, by the individual state defendants.  The Colorado Department of Revenue and the individual state defendants (insofar as they are sued in their official capacities) have moved to dismiss claims

seeking monetary relief based on Eleventh Amendment immunity. The individual state defendants have moved to dismiss individual capacity claims under Rule 12(b)(5) for failure to allege sufficient facts to state a plausible claim.

Second, the Amended Complaint alleges breach of contract and fraud against Key Bank. Key Bank has answered those allegations.

At the scheduling conference, I ordered:

> Discovery is stayed pursuant to D.C.COLO.LCivR 30.2A only as against the State Defendants. The plaintiffs and Key Bank may conduct discovery among themselves concerning the contractual claims, and the State Defendants have agreed to participate in the deposition of Alan DeAtley, regardless of the pending Motion [to Stay].

Order [Doc. # 48] at ¶2.

I find that allowing discovery against the state defendants under the pleadings as they currently exist constitutes an unreasonable burden. That discovery must await a determination of the state defendants' pending motion to dismiss. Discovery as between the plaintiffs and Key Bank should go forward, however.

IT IS ORDERED that the Motion to Stay [Doc. # 30] is GRANTED IN PART and DENIED IN PART as follows:

• GRANTED with respect to discovery against the State Defendants, which is stayed pending the determination of their Motion to Dismiss [Doc. # 29]; and

• DENIED with respect to discovery between the plaintiffs and Key Bank, which shall proceed. The state defendants may participate in that discovery but are not required to do so.

Dated April 8, 2013.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge