IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 12-cv-02973-PAB-BNB

ALAN DEATLY,
NAPI (Colorado) LLC, a Washington limited liability company, and
15 CORPORATIONS, INC., a Washington limited liability company,

Plaintiffs,

v.

KEYBANK NATIONAL ASSOCIATION, an Ohio corporation,

Defendant.
_____

**ORDER**
_____

This matter arises on **KeyBank's Motion for Attorneys' Fees and Costs** [Doc. # 91, filed 4/22/2014] (the "Motion"), which is DENIED.

At issue in this case, among other things, are the validity of promissory notes and deeds of trust allegedly executed by the plaintiffs to the benefit of KeyBank. The Amended Complaint [Doc. # 3] contains the following allegations:

> 24. Alan DeAtley was listed as the Secretary for NAPI (Colorado) LLC but did not sign on behalf of the limited liability company.
>
> 25. Various handwritten notes appear on the signature page in the Grantor section, none of which were acknowledged by DeAtley by his initials or signature.
>
> 26. DeAtley signature ostensibly appears on page four of the agreement as the borrower.
>
> 27. DeAtley disputes whether signature on the agreement is his.

KeyBank served written discovery on the plaintiffs on February 28, 2014, including two

interrogatories and 17 requests for production. The interrogatories were exceedingly straight-forward and sought (1) the identity of all owners of the real property at issue in this case and (2) a description of all transfers of ownership of that real property since 2004. The requests for production sought, among other things, copies of (1) Alan DeAtley's Colorado driver's license, (2) loan documents between plaintiffs and KeyBank, (3) promissory notes from plaintiffs to the benefit of KeyBank, and (4) conservation easements granted with regard to the real property at issue.

The plaintiffs failed to make any response to the discovery. On April 4, 2014, KeyBank moved to compel responses, Motion to Compel [Doc. # 85], which I granted by an Order [Doc. # 90]. Although the Motion to Compel does not include a request for the award of attorneys fees under Fed. R. Civ. P. 37, such a request was made orally at the hearing on the Motion to Compel. I did not grant the oral request, finding that the plaintiffs had not been given an adequate opportunity to be heard on the sanctions issue. See Fed. R. Civ. P. 37(a)(5). Instead, I allowed the defendants to file, within a specified time, "a motion under Fed. R. Civ. P. 37(d) for reasonable expenses, including attorneys fees, incurred in connection with the Motion to Compel. . . ." Order [Doc. # 90] at ¶5.

To be awarded a sanction under Rule 37, the moving party must show that it attempted in good faith to obtain the discovery without court action, the opposing parties' failure to make discovery was not substantially justified, and the award of expenses is not unjust. KeyBank does not address any of these matters in the Motion. Nor does KeyBank address whether the sanction should be imposed against the plaintiffs, their lawyer, or both. See Fed. R. Civ. P. 37(d)(3).

IT IS ORDERED that the Motion [Doc. # 91] is DENIED.

Dated July 10, 2014.

BY THE COURT:

 s/ Boyd N. Boland
United States Magistrate Judge