IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 12-cv-02973-PAB-BNB

ALAN DEATLEY,
NAPI (COLORADO) LLC, a Washington limited liability company,
15 Corporations, Inc., a Washington corporation,

    Plaintiffs,

v.

KEYBANK NATIONAL ASSOCIATION, an Ohio corporation,

    Defendant.

---

# ORDER

---

This matter is before the Court on the Voluntary Motion to Dismiss Pursuant to F.R.C.P. 41(a)(2) [Docket No. 71] filed by plaintiffs Alan DeAtley, NAPI (Colorado) LLC ("NAPI"), and 15 Corporations, Inc. ("15 Corporations").

## I. BACKGROUND[1]

### A. Mr. DeAtley's Criminal Case

On October 6, 2010, a Denver grand jury returned an indictment against Mr. DeAtley, charging him with several counts of criminal conduct in connection with the State of Colorado's conservation easement tax credit program. Docket No. 29-1. In July 2011, the state court allowed Mr. DeAtley's counsel to withdraw based upon irreconcilable conflicts and granted a continuance. Mr. DeAtley then retained substitute

---

[1]The background facts have been set forth at length elsewhere and will not be restated here except as relevant to resolving the instant motion. *See* Docket No. 65 at 2-6.

counsel ("criminal counsel"). *People v. DeAtley* ("*DeAtley I*"), 2014 WL 2708455, at *1 (Colo. June 16, 2014). On November 13, 2012, Mr. DeAtley wrote to the trial court, asking the court to permit criminal counsel to withdraw. *Id.* at *2. The court granted Mr. DeAtley the opportunity to retain substitute counsel, but did not permit criminal counsel to withdraw. *Id.* In February 2013, Mr. DeAtley filed a malpractice action pro se in the United States District Court for the Eastern District of Washington against criminal counsel, which was later transferred to this District. *DeAtley v. Stuart* ("*DeAtley II*"), No. 13-cv-01140-REB-BNB (Docket No. 1 at 1). Mr. DeAtley accused criminal counsel of failing to review supporting documents and failing to retain a tax or forensic expert for trial. *Id.* (Docket No. 3 at 1-2). Criminal counsel again filed motions to withdraw. The trial court found that a conflict of interest between Mr. DeAtley and criminal counsel existed, but again denied criminal counsel's motions to withdraw, concluding that Mr. DeAtley had caused the conflict in order to delay the trial. *DeAtley I*, at *2. On February 15, 2013, the trial court granted Mr. DeAtley another opportunity to secure different counsel, but Mr. DeAtley was unable to do so. *Id.* at *2-*3. On March 26, 2013, criminal counsel filed a motion for reconsideration, which the trial court denied. *Id.* at *3. The trial court found that, although Mr. DeAtley had a history of attempting to disqualify attorneys in order to delay the trial, the complexity of the issues and the pending May 2013 trial rendered highly unlikely the possibility of Mr. DeAtley acquiring substitute counsel. *Id.* On April 9, 2013, criminal counsel filed a Petition for Rule to Show Cause why their motion to withdraw should not be granted with the Colorado Supreme Court. *DeAtley II*, (Docket No. 42-6). On April 11, 2013, the Colorado

Supreme Court issued a Rule to Show Cause and stayed the criminal proceedings. *Id.* (Docket No. 42-7).

On October 28, 2013, the magistrate judge in *DeAtley II* recommended that criminal counsel's motion for a pre-judgment cost bond be granted and plaintiff's motion to stay be denied, finding that

> [t]his action, alleging malpractice against his Colorado criminal defense counsel in the state prosecution, is part-and-parcel of Mr. DeAtley's abusive litigation strategy. Mr. DeAtley refuses in the state prosecution to proceed *pro se* or to retain substitute counsel. Through this malpractice action, he makes it impossible for his current criminal counsel to represent him in the state prosecution. And now he seeks to postpone this malpractice action until the criminal case he has stymied is resolved. Here, as in the Keybank case, I do not intend to facilitate Mr. DeAtley's improper manipulation of the judicial system.

*Id.* (Docket No. 43 at 3). The district judge adopted the magistrate judge's recommendation and dismissed the case without prejudice for Mr. DeAtley's failure to post a cost bond. *Id.* (Docket No. 56 at 7).

On June 16, 2014, the Colorado Supreme Court ruled that the state trial court erred in denying criminal counsel's motion to withdraw. It also ordered the trial court to determine if Mr. DeAtley had obtained substitute counsel and, if he had not, to advise Mr. DeAtley that he may be forced to proceed to trial without an attorney. *DeAtley I*, 2014 WL 2708455, at *5. The trial court was further directed to give Mr. DeAtley a short and reasonable time in which to determine how he would like to proceed. *Id.* Based upon a review of the docket sheet, Mr. DeAtley currently appears pro se and has been given until September 16, 2014 to acquire counsel. *People v. DeAtley*, 2010CR10309 (Denver Dist. Ct. August 22, 2014).

3

### B.  Procedural History

On July 3, 2012, plaintiffs filed this case in the United States District Court for the Western District of Washington and, on November 11, 2012, the case was transferred to this District.  Docket No. 1-1; Docket No. 1.  At the time of filing, the criminal case had been pending against Mr. DeAtley for nearly two years.  Mr. DeAtley did not object to this case proceeding or raise any Fifth Amendment concerns during the pleading stage, briefing and resolution of a motion to dismiss, and into discovery.  On March 20, 2013, the magistrate judge entered a scheduling order in this case.  Docket No. 47.  On April 4, 2013, defendant filed a notice of deposition of Mr. DeAtley for June 7, 2013.  Docket No. 50.  At the request of Mr. DeAtley's attorney, defendant canceled the deposition based upon the attorney's representation that Mr. DeAtley was undergoing a medical procedure on June 7.  Docket No. 67 at 2.  Rather than undergoing a surgical procedure, Mr. DeAtley consulted with a doctor on June 6, 2013.  *Id.*; *see also* Docket No. 52 at 2, ¶ 3.  Mr. DeAtley's attorney admitted that his own situation was "unresolved and now impaired due to [Mr. DeAtley's] total lack of financial resources."  Docket No. 56 at 2, ¶ 3.  On June 21, 2013, defendant filed a motion for sanctions for Mr. DeAtley's failure to appear at a deposition, which the magistrate judge construed as a motion to compel ("motion to compel").  Docket No. 52.

After defendant filed its motion to compel, plaintiffs filed a motion to stay, asserting, for the first time, that Mr. DeAtley's Fifth Amendment rights could be compromised if he were deposed.  Docket No. 59 at 2.  Although plaintiffs' motion to stay mentioned that the criminal proceedings against Mr. DeAtley were stayed and that Mr. DeAtley's attorneys in this case had retained a criminal law expert to advise them

4

on how to proceed, plaintiffs did not argue that Mr. DeAtley's inability to secure substitute counsel in the criminal proceeding had any effect on his ability to proceed in the case. The magistrate judge ordered Mr. DeAtley to appear for his deposition and denied plaintiffs' motion to stay:

> It is apparent to me that Mr. DeAtley is engaged in abusive litigation tactics for the improper purpose of manipulating the judicial system to delay both Keybank's attempts to pursue its foreclosure action and the state criminal prosecution. . . . [now] Mr. DeAtley seeks to postpone indefinitely this action until resolution of the criminal case, progress of which he has stymied. I do not intend to facilitate Mr. DeAtley's improper manipulation of the judicial system.

Docket No. 67 at 6.

On December 10, 2013, plaintiffs filed the instant motion, requesting the Court to dismiss this case without prejudice pursuant to Fed. R. Civ. P. 41(a)(2). Docket No. 71 at 1.[2] On December 17, 2013, plaintiffs filed a motion for a protective order, seeking to prevent defendant from deposing Mr. DeAtley. Docket No. 74. The magistrate judge ordered that the deposition go forward. Docket No. 76. On December 20, 2013, Mr. DeAtley was deposed. Defendant states that Mr. DeAtley failed to answer numerous questions based on his Fifth Amendment rights. Docket No. 77 at 4. Plaintiffs claim that Mr. DeAtley "made a good faith effort to answer questions that were not overtly related to his criminal indictment." Docket No. 78 at 2. Neither party provided the Court with a deposition transcript or any further indication of what took place during Mr.

---

[2]Plaintiffs also filed a motion for an expedited ruling, which the Court denied. Docket Nos. 72, 73.

DeAtley's deposition.[3]  On January 27, 2014, defendant filed the Amended Notice of Second Deposition of Alan DeAtley, indicating that Mr. DeAtley would be deposed for a second time on February 27, 2014.  Docket No. 81.  A second deposition of Mr. DeAtley took place on February 27, 2014, where defendants state that Mr. DeAtley invoked his Fifth Amendment rights as to certain questions.  Docket No. 101 at 4.  Plaintiffs' counsel did not appear at the final pretrial conference, but appears to have participated in the drafting of a proposed final pretrial order.  Docket No. 98.  The Final Pretrial Order states, in part, that plaintiffs "have no witnesses to call, having not engaged in discovery as a result of DeAtley's alleged inability to actively participate in discovery without potentially waiving his Fifth Amendment privilege."  Docket No. 99 at 5.

In the instant motion, plaintiffs argue that "DeAtley is without criminal representation.  Therefore, until such time as DeAtley is able to retain new criminal counsel, civil counsel must exercise extreme caution to avoid inadvertently waiving DeAtley's Fifth Amendment privilege."  Docket No. 71 at 2.  Plaintiffs further claim that Mr. DeAtley's assertion of his Fifth Amendment rights at his deposition will "effectively deny[] him the benefit of a full and fair hearing on his rights in the civil case."  *Id.*  Plaintiffs dispute that Mr. DeAtley engaged in manipulative tactics and argue that the current circumstances were the result of two factors outside Mr. DeAtley's control.  First, plaintiffs contend that Mr. DeAtley's effort to remove his criminal counsel was not

---

[3]Defendant's response cited an exhibit purporting to contain excerpts from the deposition transcript, but the cited exhibit was not attached to defendant's brief.  Docket No. 77 at 4.

6

an attempt to dely the proceedings, but was legitimately based on his criminal counsel's failure to review "millions of pages of documents, . . . emails, correspondence, and accounting records." *Id.* at 4. Plaintiffs are critical of the state judge's refusal to delay Mr. DeAtley's criminal trial date, which plaintiffs argue caused Mr. DeAtley to be unable to find an experienced criminal attorney willing to take on his case. Docket No. 78 at 4.[4] Second, plaintiffs argue that Mr. DeAtley can no longer afford to retain an experienced criminal attorney. *Id.* at 5. Defendant, citing the magistrate judge's finding concerning Mr. DeAtley's conduct, responds that it has already been forced to forego its right to foreclose on plaintiffs' property and would be prejudiced if plaintiffs were permitted to refile this suit and again halt foreclosure proceedings. Docket No. 77 at 6.

## II. ANALYSIS

A case may be "dismissed at the plaintiff's request only by court order, on terms that the court considers proper." Fed. R. Civ. P. 41(a)(2). Rule 41(a)(2) is designed to prevent voluntary dismissals that adversely affect the opposing party. *Brown v. Baeke*, 413 F.3d 1121, 1123 (10th Cir. 2005). In the absence of legal prejudice to the defendant, a district court should ordinarily grant a plaintiff's request for dismissal without prejudice. *Id.* Although the term "legal prejudice" is not explicitly defined, relevant factors for courts in the Tenth Circuit to consider include "the opposing party's effort and expense in preparing for trial; excessive delay and lack of diligence on the part of the movant; insufficient explanation of the need for a dismissal; and the present

---

[4]Plaintiffs argue, without citation to the record, that the state trial court in the criminal proceeding would have allowed replacement counsel no more than 60 days to prepare for trial. Docket No. 71 at 3-4.

stage of litigation." *Ohlander v. Larson*, 114 F.3d 1531, 1537 (10th Cir. 1997). These factors are not exhaustive or conclusive and the court must take care to "consider the equities not only facing the defendant, but also those facing the plaintiff." *Ohlander*, 114 F.3d at 1537.

In terms of the defendant's effort and expense in preparing for trial, it appears that defendant has obtained the necessary discovery it needs and is prepared to proceed to trial. Defendant intends to call ten witnesses at trial, has endorsed an expert witness, and has prepared an exhibit list. Docket No. 99 at 5, 9-22. In addition, defendant, with leave of the Court, has filed a motion for summary judgment seeking dismissal with prejudice of plaintiffs' claims. Docket No. 101 at 7. Although plaintiffs claim that "little discovery has taken place by any party," Docket No. 71 at 3, defendant appears to have expended sufficient effort in this case to proceed to trial, a factor which weighs in defendant's favor. *Compare Wimber By and Through Wimber v. Dep't of Social & Rehabilitation Servs.*, 156 F.R.D. 259, 261 (D. Kan. 1994) ("The only real investment in time and expense for the defendants has been their opposition to the plaintiffs' motion for preliminary injunction.").

With respect to considerations of delay and diligence, plaintiffs filed this case while Mr. DeAtley's criminal case was pending, more than two years after Mr. DeAtley was indicted. The Fifth Amendment concerns that Mr. DeAtley now complains of were apparent, or reasonably should have been, to plaintiffs and their attorneys at the outset of this case. Moreover, the prospect that Mr. DeAtley would be unable to secure substitute criminal counsel to assist in asserting his Fifth Amendment rights in this case should have been apparent to Mr. DeAtley and his civil attorneys as early as November

2012, when the trial court first granted Mr. DeAtley time to secure substitute criminal counsel and he was apparently unable to do so, and no later than February 2013, when Mr. DeAtley was given the same opportunity. *Cf. Ohlander*, 114 F.3d at 1538 ("the most persuasive reason to file a motion to dismiss did not arise until eleven months following the initial proceeding's initiation"). Nonetheless, plaintiffs continued to litigate this case until shortly after Mr. DeAtley's deposition was noticed. *Cf. Clark v. Tansy*, 13 F.3d 1407, 1412 (10th Cir. 1993) (finding no evidence of improper delay when pro se plaintiff filed motion to dismiss without prejudice prior to court's ruling on a motion to dismiss). Plaintiffs offer no explanation for their delay in raising issues related to Mr. DeAtley's Fifth Amendment rights. Meanwhile, defendant is prejudiced by the fact that, while this litigation remains pending, it cannot foreclose on property related to plaintiffs' claims in this case. Defendant is prepared to proceed to trial in an effort to permanently resolve plaintiffs' claims, efforts which could be wasted if this case were dismissed without prejudice and plaintiffs subsequently refile. Moreover, plaintiffs do not directly rebut the fact that plaintiffs' litigation conduct has, on multiple occasions, been judged to be manipulative. The Court concludes that plaintiffs' request for dismissal without prejudice evinces excessive delay and a lack of diligence.[5]

---

[5]Plaintiffs cite multiple cases in support of their argument that dismissal without prejudice is appropriate to protect Mr. DeAtley's rights. However, several of the cited cases concern the propriety of a stay of civil proceedings pending the outcome of a related criminal proceeding and are therefore of limited applicability. *See In re CFS-Related Secs. Fraud Litig.*, 256 F. Supp. 2d 1227 (N.D. Okla. 2003) (denying request to stay civil discovery pending resolution of related criminal case); *Creative Consumer Concepts, Inc. v. Kreisler*, 563 F.3d 1070 (10th Cir. 2009) (affirming trial court decision to deny motion to stay); *Creel v. Jahani*, No. 09-cv-01063-REB-KMT, 2009 WL 4250065, at *4 (D. Colo. Nov. 25, 2009) (denying motion to stay); *see also Morrison v. Goff*, 91 P.3d 1050, 1058 (Colo. 2004) (holding that underlying criminal appeal or

The Court turns to the factor concerning plaintiffs' explanation for the need for dismissal. Mr. DeAtley "unquestionably may assert a Fifth Amendment privilege in this civil case and refuse to reveal information properly subject to the privilege, in which event [he] may have to accept certain bad consequences that flow from that action." *See Mid-Am.'s Process Service v. Ellison*, 767 F.2d 684, 686 (10th Cir. 1985) (citations omitted). However, plaintiffs fail to explain why Mr. DeAtley's assertion of his Fifth Amendment rights prevents plaintiffs from litigating this case. Plaintiffs do not, for example, indicate why Mr. DeAtley's assertion of his Fifth Amendment rights during his deposition prevented plaintiffs from conducting discovery or would otherwise affect the ability of NAPI and 15 Corporations, both corporate entities with no Fifth Amendment rights, to fully litigate this case. Moreover, even if Mr. DeAtley's invocation of his Fifth Amendment privilege did interfere with plaintiffs' ability to conduct discovery, "[a] party who asserts the privilege against self-incrimination must bear the consequence of lack of evidence." *United States v. $148,840.00 in U.S. Currency*, 521 F.3d 1268, 1274 (10th Cir. 2008) (quotation marks omitted).

Plaintiffs primarily argue that Mr. DeAtley was a victim of circumstances outside his control and, as such, should not have to accept the consequences of his assertion of his Fifth Amendment rights. Plaintiffs' argument is not persuasive. Multiple judges have found Mr. DeAtley's litigation conduct to be suspect and, after a thorough review of the record, the Court has no basis upon which to disagree. *See* Docket No. 67 at 6; Docket No. 76 at 1; *DeAtley II*, (Docket No. 43 at 2; Docket No. 56 at 4 ("The record in

---

motion for postconviction relief does not affect statute of limitations for related legal malpractice claims).

this case leaves no doubt that Mr. DeAtley has interfered with the judicial process in this case. The amount of interference is substantial."); *DeAtley I*, 2014 WL 2708455, at *2 (noting that the state trial court found that Mr. DeAtley had caused the conflict with criminal counsel in order to delay trial). Thus, the Court concludes that plaintiffs have failed to sufficiently explain the need for a dismissal without prejudice. *See Phillips USA, Inc. v. Allflex USA, Inc.*, 77 F.3d 354, 358 (10th Cir. 1996) (noting importance of plaintiff's explanation for dismissal request).

The Court turns to the final factor, the present stage of litigation. Plaintiffs filed the instant motion while discovery was ongoing and after the resolution of a motion to dismiss. Subsequently, Mr. DeAtley was deposed, defendant completed discovery, and a final pretrial conference was held. Moreover, although the threat of plaintiffs refiling a second action forcing defendant to expend effort relitigating this case does not, by itself, create legal prejudice to the defendant, plaintiffs fail to suggest any conditions of dismissal "to avoid redundancy of [defendant's] effort should the case be refiled." *See Brown*, 413 F.3d at 1124; *cf. Am. Nat'l Bank & Trust Co. of Sapulpa v. Bic Corp.*, 931 F.2d 1411, 1412 (10th Cir. 1991) (holding that, where plaintiff sought voluntary dismissal subsequent to timely removal of case, district court did not err in declining to attach conditions to dismissal without prejudice). The Court finds that dismissal of this case without prejudice at this stage in the case is unwarranted.

As noted above, the Court is mindful of Mr. DeAtley's Fifth Amendment rights. It may indeed be easier for plaintiffs to litigate their claims once Mr. DeAtley's criminal case has concluded. *See Ohlander*, 114 F.3d at 1537. However, defendant litigated

this case for more than a year before plaintiffs filed the instant motion, and plaintiffs will not be permitted to benefit from an untimely and insufficiently supported request for dismissal without prejudice. The Court finds that dismissing this case without prejudice would cause legal prejudice to defendant and will therefore deny plaintiffs' motion.

### III. CONCLUSION

For the foregoing reasons, it is

**ORDERED** that plaintiffs' Voluntary Motion to Dismiss Pursuant to F.R.C.P. 41(a)(2) [Docket No. 71] is **DENIED**.

DATED September 9, 2014.

BY THE COURT:

s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge