IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 12-cv-02973-PAB-BNB

ALAN DEATLEY,
NAPI (COLORADO) LLC, a Washington limited liability company,
15 CORPORATIONS, INC., a Washington corporation,

    Plaintiffs,

v.

KEYBANK NATIONAL ASSOCIATION, an Ohio corporation,

    Defendant.

---

# ORDER

---

This matter is before the Court on the Motion for Summary Judgment [Docket No. 101] filed by defendant Keybank National Association ("Keybank"). This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and § 1367.

## I. BACKGROUND[1]

On October 6, 2010, a Denver grand jury returned an indictment against plaintiff Alan DeAtley, charging him with several counts of criminal conduct in connection with the State of Colorado's conservation easement tax credit program. Docket No. 29-1. On July 3, 2012, plaintiffs filed this case in the United States District Court for the Western District of Washington and, on November 11, 2012, the case was transferred

---

[1] The following facts are undisputed unless otherwise indicated. Plaintiffs' allegations in this case have been set forth elsewhere and will not be restated here except as relevant to resolving the present motion. *See* Docket No. 65 at 2-6; Docket No. 104 at 1-6.

to this District. Docket No. 1-1; Docket No. 1. Although his criminal case has been pending since the present case was filed, Mr. DeAtley did not object to this case proceeding or raise any Fifth Amendment concerns during the pleading stage, briefing and resolution of a motion to dismiss, and into discovery. On June 21, 2013, Keybank filed a motion for sanctions for Mr. DeAtley's failure to appear at a deposition, which the magistrate judge construed as a motion to compel ("motion to compel"). Docket No. 52. After Keybank filed its motion to compel, on July 12, 2013, plaintiffs filed a motion to stay, asserting, for the first time, that Mr. DeAtley's Fifth Amendment rights could be compromised if he were deposed. Docket No. 59 at 2. The magistrate judge denied plaintiffs' motion to stay and ordered that Mr. DeAtley's deposition go forward. Docket No. 67.

On December 10, 2013, plaintiffs filed a motion to dismiss without prejudice. Docket No. 71. Plaintiffs argued that Mr. DeAtley's inability to secure counsel in his criminal case would compromise his assertion of his Fifth Amendment rights at his deposition, "effectively denying him the benefit of a full and fair hearing on his rights in the civil case." *Id.* at 2. The Court denied plaintiffs' motion, stating, in part,

> plaintiffs fail to explain why Mr. DeAtley's assertion of his Fifth Amendment rights prevents plaintiffs from litigating this case. Plaintiffs do not, for example, indicate why Mr. DeAtley's assertion of his Fifth Amendment rights during his deposition prevented plaintiffs from conducting discovery or would otherwise affect the ability of NAPI and 15 Corporations, both corporate entities with no Fifth Amendment rights, to fully litigate this case. Moreover, even if Mr. DeAtley's invocation of his Fifth Amendment privilege did interfere with plaintiffs' ability to conduct discovery, "[a] party who asserts the privilege against self-incrimination must bear the consequence of lack of evidence." *United States v. $148,840.00 in U.S. Currency*, 521 F.3d 1268, 1274 (10th Cir. 2008) (quotation marks omitted).

Docket No. 104 at 10.  On December 17, 2013, plaintiffs filed a motion for protective order, seeking to prevent Keybank from taking Mr. DeAtley's deposition.  Docket No. 74 at 2.  The magistrate judge denied plaintiffs' motion.  Docket No. 76.

Mr. DeAtley appeared for two depositions.  Docket No. 101 at 5, ¶ 8.  Mr. DeAtley asserted his Fifth Amendment privilege as to certain questions, but answered other questions.  *Id.*; *see, e.g.*, Docket No. 101-1 at 2, pp. 87:16-88:24.  Plaintiffs produced documents pursuant to Fed. R. Civ. P. 26(a)(1), responded to Keybank's requests for production, and responded to Keybank's written interrogatories.  Docket No. 101 at 5, ¶¶ 5-7.

Plaintiffs did not serve written interrogatories or requests for production, take depositions, or conduct any other discovery in the present case.  *Id.* at 5, ¶ 3-4.  Plaintiffs claim that they were "unable to conduct discovery in order to avoid jeopardizing DeAtley's Fifth Amendment rights in his criminal proceedings," a claim which Keybank disputes.  Docket No. 99 at 6.  Moreover, plaintiffs' counsel did not appear at the final pretrial conference before the magistrate judge and did not otherwise attempt to contact the Court to explain his absence.  Docket No. 98 at 1.  The final pretrial order, which was signed by plaintiffs' counsel, states that plaintiffs "have no witnesses to call, having not engaged in discovery as a result of DeAtley's alleged inability to actively participate in discovery without potentially waiving his Fifth Amendment privilege," "do not intend to call any experts," and "are not introducing any exhibits as a result of DeAtley's prior inability to actively participate in discovery without potentially waiving his Fifth Amendment privilege."  Docket No. 99 at 5-6.  Plaintiffs did not submit a witness list or exhibit list.  The special issues section of the final pretrial

3

order indicates that plaintiffs intend to renew their motion to dismiss without prejudice at trial. *Id.* at 6.

In light of the fact that plaintiffs do not intend to call witnesses or introduce exhibits at trial, the magistrate judge granted Keybank leave to file a motion for summary judgment. Docket No. 98 at 1. On August 12, 2014, Keybank filed the present motion. Docket No. 101. Keybank seeks summary judgment on all claims, arguing that, because plaintiffs will not present any evidence at trial as is their burden to do, there are no disputed issues of fact regarding plaintiffs' claims. Docket No. 101 at 6-7. Mr. DeAtley filed a response to Keybank's motion, Docket No. 102, which the Court struck as in violation of this Court's Practice Standards. Docket No. 103. Nether Mr. DeAtley nor the other plaintiffs attempted to refile a complying response and plaintiffs have not otherwise moved to reopen discovery or amend the final pretrial order.

## II. STANDARD OF REVIEW

Summary judgment is warranted under Federal Rule of Civil Procedure 56 when the "movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248-50 (1986). A disputed fact is "material" if under the relevant substantive law it is essential to proper disposition of the claim. *Wright v. Abbott Labs., Inc.*, 259 F.3d 1226, 1231-32 (10th Cir. 2001). Only disputes over material facts can create a genuine issue for trial and preclude summary judgment. *Faustin v. City & Cnty. of Denver*, 423 F.3d 1192, 1198 (10th Cir. 2005). An

issue is "genuine" if the evidence is such that it might lead a reasonable jury to return a verdict for the nonmoving party. *Allen v. Muskogee*, 119 F.3d 837, 839 (10th Cir. 1997).

However, "[w]hen, as in this case, the moving party does not bear the ultimate burden of persuasion at trial, it may satisfy its burden at the summary judgment stage by identifying a lack of evidence for the nonmovant on an essential element of the nonmovant's claim." *Bausman v. Interstate Brands Corp.,* 252 F.3d 1111, 1115 (10th Cir. 2001) (quoting *Adler v. Wal-Mart Stores, Inc.,* 144 F.3d 664, 671 (10th Cir. 1998)) (internal quotation marks omitted). "Once the moving party meets this burden, the burden shifts to the nonmoving party to demonstrate a genuine issue for trial on a material matter." *Concrete Works of Colo., Inc. v. City & Cnty. of Denver*, 36 F.3d 1513, 1518 (10th Cir. 1994) (citing *Celotex Corp. v. Catrett,* 477 U.S. 317, 325 (1986)).

By failing to file a response to defendants' summary judgment motion, plaintiff "waives the right to respond or to controvert the facts asserted in the summary judgment motion." *Reed v. Bennett*, 312 F.3d 1190, 1195 (10th Cir. 2002). However, the Court is nonetheless required to "make the specific determinations required by [Rule 56 and] properly grants summary judgment pursuant to Rule 56 only if the motion demonstrates no genuine issue of material fact exists and the movant is entitled to judgment as a matter of law." *Id.* at 1196.[2]

---

[2]For this reason, the Court need not decide if dismissal as a sanction is appropriate.  See *Lopez-Bignotte v. Ontivero*, 42 F. App'x 404, 407-08 (10th Cir. 2002) (holding that district court did not abuse its discretion in dismissing plaintiff's claims for failure to file a proper response to motion for summary judgment).

## III.  ANALYSIS

Keybank argues that no triable issue exists because, as a practical matter, plaintiffs will not present any evidence with which to satisfy their burden of proof at trial. Docket No. 101 at 6.  Keybank contends that, were the case to proceed to trial, plaintiffs will inform the Court that they will not present any evidence, at which point Keybank will move to dismiss the case.  *Id.*  Keybank argues that proceeding to trial under such circumstances "would be a waste of time for all involved, including members of the jury.  *Id.*

The inquiry performed at the summary judgment stage "is the threshold inquiry of determining whether there is the need for a trial."  *Anderson*, 477 U.S. at 250.  In other words, the question at summary judgment is "'whether there is any [evidence] upon which a jury could properly proceed to find a verdict for the party producing it, upon whom the *onus* of proof is imposed.'"  *See id.* at 251 (quoting *Improvement Co. v. Munson*, 81 U.S. 442, 448 (1872)).  Here, plaintiffs' intention to present no evidence at trial is undisputed.  Docket No. 101 at 6 (citing Docket No. 99 at 5-6, 8).  Because plaintiffs will present no evidence at trial, a jury could not find in favor of them.  Keybank has therefore identified a lack of genuine dispute of material fact in satisfaction of Fed. R. Civ. P. 56(c).  *See Reed*, 312 F.3d at 1194 ("the burden on the nonmovant to respond arises only if the summary judgment motion is properly supported as required by Rule 56(c)").  The burden then shifts to plaintiffs to demonstrate a genuine issue for trial, which plaintiffs fail to do.  Because plaintiffs will present no evidence at trial and, as a result, be unable to satisfy their burden of proof, there exists no need for a trial and

Keybank is entitled to judgment as a matter of law.

Keybank's summary judgment motion arises under unusual circumstances. Arguments concerning a plaintiff's inability to present sufficient evidence at trial are typically considered in the context of a Fed. R. Civ. P. 50 motion at trial. However, the Court finds no reason to proceed to trial for the sole purpose of considering Keybank's arguments in the context of a Rule 50 motion. The Supreme Court has recognized that the standard for a directed verdict under Rule 50 mirrors the standard for summary judgment. *See Anderson*, 477 U.S. at 250-51 ("'The primary difference between the two motions is procedural; summary judgment motions are usually made before trial and decided on documentary evidence, while directed verdict motions are made at trial and decided on the evidence that has been admitted.' In essence, though, the inquiry under each is the same . . . ." (citation omitted) (quoting *Bill Johnson's Restaurants, Inc. v. NLRB*, 461 U.S. 731, 745 n.11 (1983))); *accord Browning v. Am. Family Mut. Ins. Co.*, 396 F. App'x 496, 497 n.1 (10th Cir. 2010) (unpublished). Given the undisputed fact that plaintiffs will not present evidence at trial, Keybank has established that it is entitled to judgment in its favor under the relevant standard, regardless of whether Keybank's arguments are considered in the context of Rule 50 or Rule 56.[3]  Thus,

---

[3] The final pretrial order indicates that plaintiffs intend to renew their motion to dismiss without prejudice. Docket No. 99 at 6. Even assuming that plaintiffs renewed their motion to dismiss without prejudice at trial, plaintiffs' motion would be denied for the reasons stated in the Court's prior order, which stated, in part,
> the Court is mindful of Mr. DeAtley's Fifth Amendment rights. It may indeed be easier for plaintiffs to litigate their claims once Mr. DeAtley's criminal case has concluded. However, defendant litigated this case for more than a year before plaintiffs filed the instant motion, and plaintiffs will not be permitted to benefit from an untimely and insufficiently supported request for dismissal without prejudice.

Keybank's motion for summary judgment will be granted.

For the foregoing reasons, it is

**ORDERED** that Keybank's Motion for Summary Judgment [Docket No. 101] is **GRANTED**.  It is further

**ORDERED** that, within 14 days of the entry of judgment, defendant may have its costs by filing a bill of costs with the Clerk of the Court.  It is further

**ORDERED** that this case is dismissed in its entirety.

DATED December 29, 2014.

                                BY THE COURT:

                                s/Philip A. Brimmer
                                PHILIP A. BRIMMER
                                United States District Judge

---

Docket No. 104 at 11-12 (citation omitted).